**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN F. REED, SR., ET AL,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, ET AL,<br><br>    Defendants.<br>_____ / | No. C 11-00194 JSW<br><br><br><br><br><br>**ORDER REGARDING MOTIONS TO DISMISS THIRD AMENDED COMPLAINT** |

Now before the Court are the motions to dismiss filed by defendant Wells Fargo Bank, N.A ("Wells Fargo"), as the successor in interest to Wachovia Mortgage FSB and the motion to dismiss filed by defendant NDeX WEST, LLC ("NDeX"). Wells Fargo's motion to dissolve the preliminary injunction is still pending as well. The Court has considered the parties' papers, relevant legal authority, and it finds these matters suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for June 8, 2012 is VACATED. The Court grants in part and denies in part Wells Fargo's motion to dismiss, grants NDeX's motion to dismiss, and denies Wells Fargo's motion to dissolve the preliminary injunction.[1]

As the parties are familiar with the facts and procedural history of this case, there is no need to recite them here, except where useful in reaching the disposition.

///

////

---

[1] The Court GRANTS Wells Fargo's and NDeX's Requests for Judicial Notice. *See* Fed. R. Evid. 201.

///

## ANALYSIS

**A.     Applicable Legal Standards for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

1  Where a plaintiff alleges fraud, however, Federal Rule of Civil Procedure 9(b) ("Rule
2  9(b)") requires the plaintiff to state with particularity the circumstances constituting fraud,
3  including the "who, what, when, where, and how" of the charged misconduct. *See Vess v. Ciba*
4  *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d
5  1541, 1547-49 (9th Cir. 1994). However, Rule 9(b) particularity requirements must be read in
6  harmony with Federal Rule of Civil Procedure 8's requirement of a "short and plain" statement
7  of the claim. Thus, the particularity requirement is satisfied if the complaint "identifies the
8  circumstances constituting fraud so that a defendant can prepare an adequate answer from the
9  allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also*
10 *Vess*, 317 F.3d at 1106 ("Rule 9(b) demands that, when averments of fraud are made, the
11 circumstances constituting the alleged fraud be specific enough to give defendants notice of the
12 particular misconduct ... so that they can defend against the charge and not just deny that they
13 have done anything wrong.") (internal quotation marks and citations omitted).

**B.     Wells Fargo's Motion to Dismiss.**

   **1.     Plaintiffs' Claims Premised on Misrepresentations**.

"Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). In giving leave to amend, the Court admonished Plaintiffs that they should take care to plead any claims premised on alleged misrepresentations with sufficient particularity in accordance with Federal Rule of Civil Procedure 9(b). When a party pleads fraud against a corporation, as Plaintiffs do here, the party must allege "the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991); *see also Dubin v. BAC Home Loans Servicing,* 2011 WL 794995, *5-6 (N.D. Cal. Mar.1, 2011).

Upon review of Plaintiffs' Third Amended Complaint ("TAC"), the Court finds that Plaintiffs have cured the defects identified by the Court in its previous orders. Although Plaintiffs do not identify the loan officer by name, they explain their inability to do so prior to

3

obtaining discovery. Moreover, although Wells Fargo disputes the validity of the facts Plaintiffs allege, the Court finds that Plaintiffs have alleged facts sufficient to show agency between Mortgage World and Wachovia Bank at this procedural stage. Accordingly, the Court denies Wells Fargo's motion to dismiss with respect to Plaintiffs' claims for financial elder abuse and violation of California Business and Professions Code § 17200 are premised on misrepresentations.[2]

### 2. Claims Previously Dismissed With Prejudice.

In the Order dismissing Plaintiffs' Second Amended Complaint, the Court dismissed with prejudice Plaintiffs' claims to the extent they are premised on any improper charges in the foreclosure notices, as well as Plaintiffs' claim for breach of contract or breach of the implied covenant of good faith and fair dealing. Without any leave of Court, Plaintiffs pled these claims in their TAC without any changes from their prior complaint. Plaintiffs fail to address in their opposition to Wells Fargo's motion to dismiss on what basis they included these claims in their TAC without leave of Court. Accordingly, the Court reiterates that these claims are dismissed with prejudice.

### C. NDeX's Motion to Dismiss.

As discussed above, the Court previously dismissed all of Plaintiffs' claims except for Plaintiffs' claims for financial elder abuse and for violation of California Business and Professions Code § 17200 to the extent they are premised on misrepresentations. The majority of NDeX's arguments are directed to other claims which have already been dismissed. With respect to Plaintiffs' remaining claims, NDeX argues that Plaintiffs are required to and failed to plead tender. However, NDeX fails to provide any authority which stands for the proposition that tender is required when the sale or foreclosure has not yet occurred and that tender is required for financial elder abuse claims. Moreover, to the extent tender would be required, this requirement may be waived where, in equity, the circumstances merit an exemption. *See*

---

[2] Because the Court finds that Plaintiffs have alleged sufficient facts to state a claim for financial elder abuse and for violation of California Business and Professions Code § 17200, the Court denies Wells Fargo's motion to dissolve the preliminary injunction.

4

*Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997). The Court finds that Plaintiffs have alleged facts which would support waiving the tender requirement, if any exists.

NDeX also argues that Plaintiffs have not alleged how NDeX was involved in the alleged conduct at issue. Plaintiffs' remaining claims are premised on alleged misrepresentations made during the loan signing process, not the foreclosure. In response, Plaintiffs simply argue that they have alleged that each defendant is acting as the agent of the other. However, Plaintiff has not plead any facts to support their conclusory agency allegation. Therefore, the Court grants NDeX's motion and is dismissing Plaintiffs' remaining claims against NDeX.

Because this is the first substantive motion to dismiss filed by NDeX, the Court will provide Plaintiffs with an opportunity to amend their remaining claims against NDeX. If Plaintiffs elect to file one more amended complaint, they should take care to plead facts which, if true, would be sufficient to show that Mortgage World, when the loan officer made the alleged misrepresentations, was acting as an agent of NDeX, or plead other facts which would be sufficient, if true, to show that NDeX may be held liable for such alleged misrepresentations. Additionally, if Plaintiffs elect to file one more amended complaint, Plaintiffs are admonished to omit their allegations which relate solely to the claims which have been dismissed with prejudice, as well as the claims which have been dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Wells Fargo's motion to dismiss, DENIES Wells Fargo's motion to dissolve the preliminary injunction, and GRANTS NDeX's motion to dismiss. The Court DENIES Wells Fargo's motion with respect to Plaintiffs' claims for financial elder abuse and for violation of California Business and Professions Code § 17200 to the extent they are premised on misrepresentations and GRANTS Wells Fargo's motion on the remainder of Plaintiffs' claims.

If Plaintiffs elect to amend their claims to state a claim for financial elder abuse and violation of California Business and Professions Code § 17200 based on misrepresentations against NDeX, Plaintiffs shall file their amended complaint by no later than June 29, 2012.

5

Moreover, if Plaintiffs file an amended complaint, they shall also file by June 29, 2012, a side-by-side comparison of the TAC and the amended complaint, or a redline version of the two complaints.

**IT IS SO ORDERED.**

Dated: June 7, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

6