UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REED ET AL, | No. C 11-00194 DMR |
| Plaintiffs, | **ORDER REGARDING SANCTIONS** |
| v. | |
| WELLS FARGO BANK ET AL, | |
| Defendants. | |
| _____/ | |

      On July 26, 2012, the court held a hearing on the parties' July 16, 2012 joint discovery letter [Docket No. 89], in which Defendant Wells Fargo Bank sought an order compelling Plaintiffs Benjamin F. Reed and Irma M. Reed to respond to Defendant's first sets of document requests and interrogatories, and requested sanctions. The court ordered Plaintiffs to respond to the discovery at issue by no later than August 10, 2012. The court also ordered the parties to exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 by August 6, 2012. [Docket No. 95.] In an August 24, 2012 joint discovery letter, Defendant asserted, and Plaintiffs confirmed, that Plaintiffs had not complied with the court's Order to respond to discovery by August 10, 2012. [Docket No. 96.] Defendant also asserted that Plaintiffs had not served their Rule 26 initial disclosures and renewed its request for sanctions. As it was not clear whether Plaintiffs had subsequently provided responses to the discovery at issue, the court ordered Plaintiffs to submit a statement by no later than September 4, 2012 confirming that they had provided complete and comprehensive responses to Defendant's discovery and that they had produced their initial

disclosures. [Docket No. 97.] On September 4, 2012, Plaintiffs represented that they had provided responses to Defendant's discovery and had produced Rule 26 initial disclosures. [Docket No. 98.]

The court held a telephonic hearing regarding sanctions on September 7, 2012. During the hearing, Plaintiffs' counsel stated that he had served responses to Defendant's interrogatories and Plaintiffs' Rule 26 initial disclosures on September 4, 2012, several weeks after the deadlines set by the court in its July 26, 2012 Order. He also admitted that he had not yet served written responses to Defendant's document requests.[1]

Plaintiffs have been the subject of three separate Orders to Show Cause for their failure to timely file documents, have been admonished twice for failing to observe court deadlines, and Plaintiffs' counsel has been personally sanctioned for the same. [Docket Nos. 13, 16, 38, 46.] Given the history of failures to comply with deadlines and court orders in this case, the court concludes that sanctions against Plaintiff's counsel's for failure to obey the court's July 26, 2012 discovery order are appropriate. *See* Fed. R. Civ. P. 37(b)(2), (c)(1) (authorizing imposition of sanctions for discovery violations, including ordering a party to pay the reasonable expenses caused by its failure to comply with the order or rule). Accordingly, Plaintiffs' counsel shall pay sanctions in the amount of $1,000 to Defendant within 30 days of the date of this Order. Additionally, Plaintiffs are ordered to serve written responses to Defendant's document requests **by no later than September 14, 2012.** The parties shall meet and confer regarding the substance and sufficiency of Plaintiffs' discovery responses **by no later than September 14, 2012.** The parties shall comply with the court's Standing Order re Discovery.

Future failures to comply with court orders may result in sanctions.

IT IS SO ORDERED.

Dated: September 7, 2012

_____
DONNA M. RYU
United States Magistrate Judge

---

[1] Plaintiffs' counsel also asserted that he had served documents responsive to Defendant's requests some "weeks ago." However, Defendant's counsel responded that Plaintiffs had served documents, but not written responses or objections to the requests, on August 13, 2012, *after* the August 10, 2012 court-ordered deadline.

2